**UNITED STATES of America, Plaintiff,**

v.

**BURLINGTON NORTHERN RAILROAD COMPANY, Defendant.**

Civ. No. 87–0–292.

United States District Court,
D. Nebraska.

Jan. 25, 1989.

Douglas Semisch, Asst. U.S. Atty., Omaha, Neb., for plaintiff.

Rodney M. Confer of Knudsen, Berkheimer Law Firm, Lincoln, Neb., for defendant.

MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Senior District Judge.

Presently pending in this action is defendant Burlington Northern's motion for partial summary judgment on the issue of damages (Filing 15). Briefly, the facts of this action are as follows: Plaintiff United States owns real estate in Clay County, Nebraska, and maintains it as a waterfowl production area commonly referred to as the Harvard Waterfowl Production Area. Plaintiff alleges that on or about March 20, 1985, defendant—Burlington Northern, acting through its employees, started or caused to be started a fire on the defendant's right-of-way. The fire, however, spread and trespassed upon the plaintiff's land causing damage to approximately 354 acres. Plaintiff presently seeks damages in the amount of $63,530.00 for the following items: forage destroyed ($28,320.00); ducks lost ($14,500.00); pheasants lost ($10,750.00); other wildlife lost ($5,000.00); and fire-fighting expenses ($4,960.00). The sole issue presented by the defendant's motion for partial summary judgment is whether the plaintiff United States has a right to recover damages for lost wildlife on Harvard Waterfowl Production Area. The parties have submitted their respective briefs on this interesting question.

It is well established that summary judgment should be granted "only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits if any, show that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is an extreme and treacherous device, which should not be granted unless the moving party has established a right to a judgment with such clarity as to leave no room for controversy, and unless the other party is not entitled to recover under any

discernible circumstances. *Vette Company v. Aetna Casualty & Surety Company,* 612 F.2d 1076, 1077 (8th Cir.1980). In passing upon a motion for summary judgment, the Court must view the facts in the light most favorable to the party opposing the motion. *Id.* Even if the Court is convinced that the moving party is entitled to judgment, the exercise of judicial discretion may dictate that the motion should be denied, in order that the case be fully developed at trial. *McLain v. Meier,* 612 F.2d 349, 356 (8th Cir.1979).

Both parties have presented strenuous arguments regarding the plaintiff-United State's right to recover for the wildlife destroyed by the fire at the Harvard Waterfowl Production Area. Having reviewed the arguments and authorities cited in support the Court is not inclined to grant the defendant's motion for partial summary judgment at this time for several reasons. First, although the defendant correctly notes that the public trust doctrine has traditionally been asserted by the States, the doctrine has also been applied to the Federal Government. *See United States v. 1.58 Acres of Land,* 523 F.Supp. 120, 125 (D.Mass.1981) (where the court concluded, in reliance upon the public trust doctrine, that "the federal government is as restricted as the Commonwealth in its ability to abdicate to private individuals its sovereign *jus publicum* in the land."); *Matter of Steuart Transportation,* 495 F.Supp. 38, 40 (E.D.Va.1980). *See also District of Columbia v. Air Florida, Inc.,* 750 F.2d 1077, 1084 (D.D.C.1984) (where the court, after discussing the public trust doctrine, declined to expressly state whether or not it applied to the United States). Although the public trust doctrine traditionally applied to tidalwaters and the land submerged beneath them, the concept of the United States holding its land in trust for the general population has been extant for quite some time. For example, in *United States v. Beebe,* 127 U.S. 338, 8 S.Ct. 1083, 32 L.Ed. 121 (1888), in an action to set aside and cancel certain land patents, the Supreme Court noted that the "public domain is held by the Government as part of its trust. The Government is charged with the duty and clothed with the power to protect it from trespass and unlawful appropriation...." *Id.* at 342, 8 S.Ct. 1083. *See also Light v. United States,* 220 U.S. 523, 537, 31 S.Ct. 485, 488, 55 L.Ed. 570 (1911) (public lands held in trust for all of the people), *United States v. Trinidad Coal Company,* 137 U.S. 160, 170, 11 S.Ct. 57, 61, 34 L.Ed. 640 (1890) (United States' land held in trust for all of the people). More recently, in *Sierra Club v. Department of Interior,* 398 F.Supp. 284, 287 (N.D.Cal.1975), the court concluded that there is "in addition to specific [statutory] powers, a general trust duty imposed upon the National Park Service, Department of the Interior, by the National Park System Act, 16 U.S.C. Section 1 et seq., to conserve scenery and natural and historic objects and wildlife [in the National Parks, Monuments and reservations] and to provide for the enjoyment of the same in such manner and by such means as will leave them unimpaired for the enjoyment of future generations." *See also Knight v. United States Land Assn.,* 142 U.S. 161, 181, 12 S.Ct. 258, 263, 35 L.Ed. 974 (1891) (where Secretary of the Interior is deemed the guardian of the public lands). In view of this trust position, and its accompanying obligations, it appears that the United States, much like the States in their *parens patriae* capacities, *see Maine v. M/V Tamano,* 357 F.Supp. 1097, 1099 (D.Me.1973), can maintain an action to recover for damages to its public lands and the natural resources on them, which in this action would encompass the destroyed wildlife.

In any event, and without passing on the merits of the parties' other arguments set forth in this motion, the United States, which claims damages of approximately $63,000.00, would not be foreclosed from proving its damages by alternative methods even if it could not recover for the destruction of wildlife at the Harvard Waterfowl Production Area.

For these reasons the defendant's motion for partial summary judgment is denied.

IT IS SO ORDERED.